WILLIAM F. LAWRENCE, trustee, *vs.* MARY A. CRANE & others.

Suffolk.     January 26, 1893. — March 3, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Will — Devise and Legacy — " Heirs at Law " — Wife as Heir of Husband.*

After giving the rest and residue of the testator's property and estate, real, personal, and mixed, to trustees, in trust to manage the same and make and deliver all deeds proper to invest the purchasers with good titles, " and using the proceeds of all such sales for the purpose hereinafter described," the will provided : " When my estate shall finally be disposed of by my said trustees, or the survivor of them, and all collections made that can be made, then my said trustees, or the survivor of them, shall dispose of the net proceeds in their hands by dividing the same among my heirs at law as provided for by the laws of the Commonwealth of Massachusetts.  Payments on account of the first settlement I hereby authorize to be made to my wife, daughter. and son." *Held,* that the fact that the estate was to be turned into personalty and the proceeds divided among the heirs at law showed that by those words were meant those entitled to succeed to personal estate in case of intestacy ; that the last provision as to payments could not be explained except by assuming that the wife was to share as an heir at law with the daughter and son, as provided for by the laws of the Commonwealth ; and that this view was confirmed by looking at the earlier parts of the will, in which the testator three times spoke of his " beloved wife," and by the fact that, if she was not to be included, she would be cut off with a scanty allowance, much less than she would be entitled to by law.

ALLEN, J.   The bill asks for instructions merely as to the proper disposition of the sum of $13,850, being the residuary estate after payment of debts and the charges of administration up to this time.  This sum is held in money by the plaintiff, as trustee, and it always has been money in his hands, except when temporarily lent by him on interest.  The particular provisions of the will under which the money is held are as follows

In article 9, after giving the rest and residue of his property and estate, real, personal, and mixed, to trustees, in trust to manage the same, and make and deliver all deeds proper to invest the purchasers with good titles, " and using the proceeds of all such sales for the purpose hereinafter described," the will says: " When my estate shall finally be disposed of by my said trustees, or the survivor of them, and all collections made that can be made, then my said trustees, or the survivor of them, shall dispose of the net proceeds in their hands by dividing the same among my heirs at law as provided for by the laws of the Commonwealth of Massachusetts. Payments on account of the first settlement I hereby authorize to be made to my wife, daughter, and son."

The question is whether the testator's widow is to be considered as one of his heirs at law, within the meaning of the will.

It might be suggested that these words should be construed to mean that real estate should go to those entitled by law to real estate, and personal estate to those entitled by law to personal estate. But it seems more reasonable to hold that only one set of persons was intended, as in *Lincoln* v. *Perry*, 149 Mass. 368, and *Fabens* v. *Fabens*, 141 Mass. 395. If this is so, although at present we are only asked as to the disposition of personal estate, we can hardly avoid considering the disposition of the proceeds of the real estate also.

A devise of real and personal estate to heirs at law, especially when they are to take in their own right and not as substitutes for their ancestor, will ordinarily be held to mean those who would be entitled to succeed to real estate in case of intestacy. *Proctor* v. *Clark*, 154 Mass. 45. But this construction will yield if the whole will shows a different intention. When it is contemplated that real estate shall be changed into money before going to the heirs at law, then those words are held to mean those entitled to succeed to personal estate in case of intestacy. *Kendall* v. *Gleason*, 152 Mass. 457. *White* v. *Stanfield*, 146 Mass. 424. Such an intention is manifested in the present will. The estate is to be turned into personal property, and the proceeds divided. Moreover, the provision that payments on account of the first settlement are authorized to be made to the

testator's wife, daughter, and son cannot be explained except by assuming that the wife was to share as an heir at làw with the daughter and son, as provided for by the laws of the Commonwealth of Massachusetts.  This view is further confirmed by looking at the earlier parts of the will, in which the testator three times speaks of his "beloved wife," yet, if she is not to be included in the residuary bequest, she is cut off with a scanty allowance, much less than she would be entitled to by law.

It therefore seems to us that she was intended to be included.

*Decree accordingly.*

*E. B. Hale & F. E. Dickerman,* for Mary A. Crane.

*M. Storey & J. L. Thorndike,* for H. Bella Jones.

*F. C. Welch,* for Emily L. Pratt and Mary E. Pearson.