## APPEAL OF CLARENCE STRECKER, EXECUTOR OF ESTATE OF EDWARD STRECKER.

Docket No. 5382.   Promulgated February 2, 1927.

By his will decedent devised his real estate to his executor in trust for the use of his widow during her life, and directed the executor, upon her death, to sell such real estate and divide the proceeds among his children. *Held,* that while the interest of the children vested at the death of decedent, their sole interest, in the absence of any election to take the real estate, was in the proceeds of sale and was personal property, and that the gain from the sale was taxable to the executor as income to the corpus of the estate.

*Samuel Freedman, C. P. A.,* for the petitioner.
*M. N. Fisher, Esq.,* for the Commissioner.

This is an appeal from the determination of a deficiency in income tax in the amount of $2,446.21 for the calendar year 1920. The question involved is whether the executor is subject to tax on the profit realized from the sale of real estate in 1920.

### FINDINGS OF FACT.

The appellant is a resident of Greenfield, Mass., and is the duly appointed executor of the estate of Edward Strecker, who died testate on December 2, 1913.

By his will the decedent devised certain real estate to the executor in trust for the use of his widow during her life, and directed the executor, upon the death of the widow, to convert the property into cash and distribute the proceeds equally among the decedent's nine children, or their representatives.

The widow died December 8, 1916. The real estate was sold by the executor in 1920.

In computing the deficiency the Commissioner has included the profit from the sale as income of the estate.

OPINION.

PHILLIPS: It is the contention of the petitioner that no part of the profit resulting from the sale of the real estate in question is taxable to the estate of the decedent. The only authority cited by counsel for the petitioner is the opinion of the Solicitor of Internal Revenue, No. 35, published in Cumulative Bulletin No. 3, p. 50. It appears that the facts before the Solicitor were substantially the same as those involved in the present proceeding. The principal question under discussion in the opinion was the basis for measuring the gain or loss. It appears, however, that the Solicitor also had under consideration the question whether any taxable gain resulted to the beneficiaries of the will for, after quoting the provisions of law governing the measurement of gain or loss, the opinion reads:

In applying the statutory rule in this case it is necessary to determine the character of the respective interests involved and when they were acquired. The problem is somewhat confused by the fact that the testator directed the sale of the land and the distribution of the proceeds among his children after the death of the life tenant instead of devising to them the land itself, subject to the life estate, without any direction for its sale. While, under the doctrine of equitable conversion, the interest of the children is regarded as personalty instead of realty, yet the estate which they acquired was a remainder and vested at the death of the testator. *Cropley* v. *Cooper*, 19 Wall. 167; *Kelly* v. *Gonce*, 49 Ill. Ap. 82; *DeVaughn* v. *McLeary*, 10 S. E. 211. Also, their interest was such that if they had so elected prior to its sale they could have taken the actual land itself after the death of the life tenant instead of the proceeds from its sale. Jarman on Wills, p. 562 and cases there cited. It is believed, therefore, that the question is the same for the purposes of our present inquiry as if the land itself had been devised to the widow for life with remainder in fee to the children and without any direction for its sale.

There is nothing in the opinion from which we may learn under the laws of which State the case before the Solicitor arose, nor has counsel for the petitioner cited any authorities which might help us in determining what is the legal effect in Massachusetts of the provisions of the will of this decedent. The investigation which we have been able to make of the Massachusetts decisions leads us to believe that the position taken by the Commissioner in the instant appeal in assessing gain to the executor of the estate is correct.

Under the Revenue Act of 1918 estates and trusts are taxable as separate entities under certain circumstances. Section 219 of that Act provides that the tax shall be imposed upon the net income of the estate or trust and shall be paid by the fiduciary in the following instances: (1) Income received by estates of deceased persons during the period of the administration or settlement of the estate; (2) income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests; and (3) income held for future distribution under the terms of the will or trust. In the

case of income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals, the income is to be returned and the tax paid by the beneficiary. There are certain refinements of these provisions with which we are not here concerned.

It appears to be the theory of the Solicitor's opinion, cited above, that the property which was sold belonged to the children of the testator and that the sale was in effect a sale by them and not a sale by the fiduciary of the estate. With this theory, certainly as applied under the decisions of Massachusetts which we have examined, we can not agree. While the children might by joint action have elected to receive the real estate in lieu of the proceeds thereof, until such an election was made the property remained a part of the decedent's estate, and so far as the estate was concerned was personalty for all purposes. Prior to any such election a sale by any of the children of his interest in the estate would not have made the purchaser a tenant in common of the land or given such purchaser any right to convey an interest in the land, but would have given only an interest in the proceeds of the sale. In the event of the death of any of the children his rights under the will would have passed to his next of kin as personalty and not to his heirs-at-law as realty. *Lawrence* v. *Crane*, 158 Mass. 392; 33 N. E. 605; *Kendall* v. *Gleason*, 152 Mass. 457; 25 N. E. 838.

No election to take the real estate having ever been made by the children, and the property having been sold by the executor pursuant to the terms of the will, it appears that any gain or loss is to be accounted as a gain or loss to the corpus of the estate and taxed to the executor as income received during the period of settlement of the estate.

*Decision will be entered for the Commissioner.*