ROGER B. TYLER, trustee, *vs.* THE CITY BANK FARMERS TRUST COMPANY, executor, & others.

Essex.    October 9, 1941. — September 14, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, DOLAN, COX, & RONAN, JJ.

*Devise and Legacy,* "Heirs at law." *Words,* "Heirs at law."

In a provision in the will of a testator who died in 1873, directing future distribution to his "heirs at law" of trust property consisting partly of real estate at his death, the words "heirs at law" meant those entitled by law to inherit his real estate although at the time of distribution the trust property consisted wholly of personalty.

Upon consideration of an entire will establishing a trust and directing the trustee to pay the income, and principal if he thought best, to the testator's daughter during her life and at her death to pay over the trust property, in the event of her death without issue, which occurred, to the testator's heirs at law, the heirs at law should be determined as of the time of the testator's death in accordance with the general rule although as of that time the daughter was his sole heir.

PETITION for instructions, filed in the Probate Court for the county of Essex on October 3, 1940, by the trustee under the will of John N. Mott.

The respondent The City Bank Farmers Trust Company, executor of the will of Mary H. Mitchell, appealed from a decree by *Costello, J.*

The case was argued at the bar in October, 1941, before *Field,* C.J., *Donahue, Qua, Cox,* & *Ronan,* JJ., and afterwards was submitted on briefs to all the Justices.

*L. P. Jordan, Jr.,* stated the case.

*R. H. Wiswall,* for The City Bank Farmers Trust Company, executor.

*M. R. Brownell, (C. H. Whittier* with him,) for the respondents Knevals and others.

LUMMUS, J.    John N. Mott, late of Salem, died in 1873, leaving a widow, Harriett Elizabeth Mott, and one child, Mary H. Mott, afterwards by marriage Mary H. Mitchell.

The widow died before the daughter.   The daughter died without issue on February 22, 1932.

The petitioner asks instructions with respect to the distribution of personalty which he holds as trustee under Item Sixteenth of the will of John N. Mott, which reads as follows: "The rest and residue of my estate real and personal I give and devise to my wife and my friend Benjamin H. Silsbee to hold on this trust, they shall pay over the net rent and income therefrom to my wife during her life, and at her decease the same shall be held in trust for my daughter and the rent and income paid over to her during her life, and if at any time the income shall be insufficient for her support my trustees for the time being are authorized to pay over to her so much of the principal for her comfortable support as they may judge best and at the decease of my daughter the estate then held in trust shall be paid over to her issue in the same proportions as if my daughter had died intestate possessed of the same *and in default of issue to my heirs at law. . . .*"   (Italics ours.)   The question comes on the meaning of those italicised words.

The word "heirs" is the correlative of "ancestor."   Heirs are those who under the law take by descent the real estate of an ancestor.   The ancestor is the one from whom real estate descends by law to heirs.   Parents may be the heirs of their child.   G. L. (Ter. Ed.) c. 190, § 3 (2).   In a will a gift to the heirs of a person refers to those entitled to his real estate by descent, where the property given is real estate or consists of both realty and personalty.   *Gray* v. *Whittemore,* 192 Mass. 367, 380, and cases cited.   *Holmes* v. *Holmes,* 194 Mass. 552, 558.   *Gardner* v. *Skinner,* 195 Mass. 164, 167. *Peabody* v. *Cook,* 201 Mass. 218, 222.   *Lawrence* v. *Crane,* 158 Mass. 392, 393.   But where the property given is wholly personalty, the word "heirs" in such a gift is construed to mean those entitled to have personalty left by that person distributed to them by law.   *White* v. *Stanfield,* 146 Mass. 424.   *Codman* v. *Krell,* 152 Mass. 214.   *Kendall* v. *Gleason,* 152 Mass. 457.   *Bullard* v. *Shirley,* 153 Mass. 559, 561. *Lawrence* v. *Crane,* 158 Mass. 392, 393.   *Gray* v. *Whittemore,* 192 Mass. 367, 380, 381.   In recent cases, however, the rule

has been laid down broadly that a gift by will to the heirs
of a person is a gift to those entitled to inherit his real estate
(*Sherburne* v. *Howland*, 239 Mass. 439, 442; *Seavey* v.
*O'Brien*, 307 Mass. 33, 35, 36), and this has been said even
in a case which involved personalty only, although it did not
appear in that case that there was any difference between the
heirs and the distributees. *Yerxa* v. *Youngman*, 241 Mass.
251, 254. In the present case the trust fund to be distributed,
though now consisting wholly of personalty, constituted the
residue of the estate, and it can be inferred from other parts
of the will that the trust included real estate. Under all the
authorities the word "heirs" meant those entitled by law to
inherit real estate.

It is settled that a gift to the heirs of a person determines
not only the persons who are to take but also the manner and
proportions in which they take, the statute being in effect
read into the will. *Daggett* v. *Slack*, 8 Met. 450. *Tillinghast*
v. *Cook*, 9 Met. 143, 148. *Holbrook* v. *Harrington*, 16 Gray,
102, 104. *Proctor* v. *Clark*, 154 Mass. 45, 49. *Paine, peti-
tioner*, 176 Mass. 242. *Allen* v. *Boardman*, 193 Mass. 284,
286. *Boston Safe Deposit & Trust Co.* v. *Blanchard*, 196
Mass. 35, 41. *Proctor* v. *Lacy*, 263 Mass. 1, 8, 9. *Dexter*
v. *Dexter*, 283 Mass. 327, 331. *Wheeler* v. *Moulton*, 290
Mass. 567. *Seavey* v. *O'Brien*, 307 Mass. 33, 35, 36, and
cases cited. *Boston Safe Deposit & Trust Co.* v. *Doolan*,
307 Mass. 233, 239.

Under the law as it existed when the testator died in
1873, if he had died intestate his real estate would have
descended to his daughter as his only heir, while his per-
sonal estate would have been distributed one third to his
widow and two thirds to his daughter. Gen. Sts. (1860)
c. 91, § 1; c. 94, § 16. The only question argued is whether
the heirs of the testator are to be determined as of the time
of his death, or as of the time when the surviving life ten-
ant died in 1932. *Seavey* v. *O'Brien*, 307 Mass. 33, 35, 36.
*Sherburne* v. *Howland*, 239 Mass. 439, 442. If the former
is the true construction, his daughter Mary was the only
heir and the fund goes to her estate. If the latter is the
true construction, the heirs are the descendants of brothers

and sisters of the testator.  G. L. (Ter. Ed.) c. 190, § 3 (5).
The probate judge entered a decree in their favor.

In the accurate use of language, only those entitled to
inherit at the death of another can be called his heirs.
Accordingly, unless a contrary intention appears, a gift in
a will to the heirs of a person, whether he be the testator
or a life tenant or another, will be construed as a gift to
such heirs determined as of the time of death of that person.
*Upham* v. *Parker*, 220 Mass. 454, 457.  *Bailey* v. *Smith*,
222 Mass. 600, 602, 603.  *Sherburne* v. *Howland*, 239 Mass.
439, 441, 442.  *Walcott* v. *Robinson*, 214 Mass. 172, 174.
See also *Robertson* v. *Robertson*, 313 Mass. 520, 528, 529
("issue").  The reasons for this rule, apart from the natu-
ral meaning of the word, are stated in *Whall* v. *Converse*,
146 Mass. 345, *Jewett* v. *Jewett*, 200 Mass. 310, 316, and
*Gilman* v. *Congregational Home Missionary Society*, 276
Mass. 580, 583.  Later cases applying this general rule are
*Calder* v. *Bryant*, 282 Mass. 231, *Old Colony Trust Co.* v.
*Clarke*, 291 Mass. 17, and *Gorey* v. *Guarente*, 303 Mass. 569.

This general rule has been held to apply although the life
tenant, on whose death the property was to pass to the
heirs of the testator, was himself one of those heirs (*Welch*
v. *Brimmer*, 169 Mass. 204, 211; *Cushman* v. *Arnold*, 185
Mass. 165, 169; *Smith* v. *Smith*, 186 Mass. 138, 139; *Gray*
v. *Whittemore*, 192 Mass. 367, 381; *Jewett* v. *Jewett*, 200
Mass. 310, 317; *Blume* v. *Kimball*, 222 Mass. 412; *Brown*
v. *Spring*, 241 Mass. 565, 568; *Boston Safe Deposit & Trust
Co.* v. *Stratton*, 259 Mass. 465, 477; *Old Colony Trust Co.*
v. *Clarke*, 291 Mass. 17, 21; *Allison* v. *Allison's Executors*,
101 Va. 537), or even the sole heir (*Gilman* v. *Congrega-
tional Home Missionary Society*, 276 Mass. 580, 584; *Old
Colony Trust Co.* v. *Clarke*, 291 Mass. 17, 21; *Bird* v.
*Luckie*, 8 Hare, 301; *In re Wilson*, [1907] 2 Ch. 572; *Him-
mel* v. *Himmel*, 294 Ill. 557; *Matter of Bump*, 234 N. Y. 60;
*Evans* v. *Rankin*, 329 Mo. 411), so that the gift over could
never come into his actual possession.  But in the earlier
cases doubt is expressed as to this where the life tenant is
the sole heir (*Fargo* v. *Miller*, 150 Mass. 225, 229, 230;
*Welch* v. *Brimmer*, 169 Mass. 204, 211, 212; *Heard* v. *Read*,

169 Mass. 216, 223; *Smith* v. *Smith*, 186 Mass. 138, 139), and even now that fact, when accompanied by other circumstances, may have a bearing against the application of the general rule. *Welch* v. *Howard*, 227 Mass. 242, 246. *Brown* v. *Wright*, 194 Mass. 540, 544.

This general rule applies even though the gift is in the form of a direction to pay over and distribute at a future time, without any words of present gift (*Welch* v. *Blanchard*, 208 Mass. 523, 527; *Upham* v. *Parker*, 220 Mass. 454, 459; *Brown* v. *Spring*, 241 Mass. 565, 568; *Bamford* v. *Hathaway*, 306 Mass. 160, 161, 162), such a direction being "equivalent to words of present gift" (*Boston Safe Deposit & Trust Co.* v. *Parker*, 197 Mass. 70, 73), although that fact may be weighed with other indications against the application of the general rule. *Eager* v. *Whitney*, 163 Mass. 463. *Leonard* v. *Haworth*, 171 Mass. 496, 500. *Brown* v. *Wright*, 194 Mass. 540, 544. *Boston Safe Deposit & Trust Co.* v. *Blanchard*, 196 Mass. 35, 39. *White* v. *Underwood*, 215 Mass. 299, 301. *Brown* v. *Spring*, 241 Mass. 565, 568. *Calder* v. *Bryant*, 282 Mass. 231, 238. *Bamford* v. *Hathaway*, 306 Mass. 160, 162. *Boston Safe Deposit & Trust Co.* v. *Park*, 307 Mass. 255, 261. *Robertson* v. *Robertson*, 313 Mass. 520, 527. The general rule applies though the life tenant is entitled to have principal applied to his support if necessary. *Whitman* v. *Huefner*, 221 Mass. 265, 268. *Porter* v. *Porter*, 226 Mass. 204, 206. *Weston* v. *Coburn*, 227 Mass. 483. *Gilman* v. *Congregational Home Missionary Society*, 276 Mass. 580, 585. *Cotter* v. *Cotter*, 293 Mass. 500. *Robertson* v. *Robertson*, 313 Mass. 520, 524.

The general rule will yield, however, where it appears that the testator used the word "heirs" in an inaccurate sense, to denote a hypothetical and artificial class composed of those who would have become heirs had their ancestor lived until some then future time, usually the time of the termination of some life estate, and the intention of the testator will be given effect. See *First National Bank of Boston* v. *Rothwell*, 305 Mass. 116, 122. Sometimes the intention of the testator is disclosed by the fact that the application of the general rule would produce a result inconsistent with some provi-

sion of the will. *Gilman* v. *Congregational Home Missionary Society*, 276 Mass. 580, 583. Where the will has provided for a person in his lifetime who would be an heir if the heirs should be determined as of the time of the death of the testator, and shows that no further provision was intended for that person, that has been held sufficient to indicate that the heirs were to be determined as of a later time when he would no longer be an heir. *Fargo* v. *Miller*, 150 Mass. 225. *White* v. *Underwood*, 215 Mass. 299, 301. *Welch* v. *Howard*, 227 Mass. 242, 246. *Boston Safe Deposit & Trust Co.* v. *Waite*, 278 Mass. 244, 249. *Warren* v. *Sears*, 303 Mass. 578, 584, 585. *Thompson* v. *Bray*, 313 Mass. 717, 720. So where the will provides a spendthrift trust for the life tenant, preventing voluntary or involuntary alienation by him, and the application of the general rule would tend to defeat the purpose of the will by giving him a remainder vested at the death of the testator which he could alienate, that has been held a reason for determining the heirs as of the time of the termination of the life estate. *Boston Safe Deposit & Trust Co.* v. *Waite*, 278 Mass. 244, 247. *Old Colony Trust Co.* v. *Clarke*, 291 Mass. 17, 21, 22. *Warren* v. *Sears*, 303 Mass. 578, 585. *Thompson* v. *Bray*, 313 Mass. 717, 722. Where the life tenant, who would be the heir if the general rule should be applied, was given a power of appointment which would be unnecessary if that rule were applied, that has been held to indicate a later determination of the heirs of the testator. *Warren* v. *Sears*, 303 Mass. 578, 582, 583. *Commissioner of Corporations & Taxation* v. *Baker*, 303 Mass. 606, 612. *Ware* v. *Minot*, 202 Mass. 512, 517. In other cases, for one reason or another, it has been held that the general rule ought not to be applied. *Wood* v. *Bullard*, 151 Mass. 324. *Proctor* v. *Clark*, 154 Mass. 45, 48. *Peck* v. *Carlton*, 154 Mass. 231. *Wason* v. *Ranney*, 167 Mass. 159. *Heard* v. *Read*, 169 Mass. 216. *Leonard* v. *Haworth*, 171 Mass. 496. *Harding* v. *Harding*, 174 Mass. 268. *Crapo* v. *Price*, 190 Mass. 317. *Brown* v. *Wright*, 194 Mass. 540. *Boston Safe Deposit & Trust Co.* v. *Blanchard*, 196 Mass. 35. *Welch* v. *Howard*, 227 Mass. 242. *Mullaney* v. *Monahan*, 232 Mass. 279. *Ernst* v. *Rivers*, 233 Mass.

9. *Carr* v. *New England Anti-Vivisection Society,* 234 Mass. 217.

Sometimes the particular paragraph to be construed has been colorless, with nothing in it to take the case out of the general rule, but the same words have been used in another paragraph in which a construction of the word "heirs" as meaning those who were such at the death of the ancestor would be inconsistent with some provision of the will. In such a case the general rule has been departed from in the construction of both paragraphs (*Thompson* v. *Bray,* 313 Mass. 717, 720, 721), on the principle that the same word or phrase when used in different parts of the will is presumed to have the same meaning. *Cook* v. *Holmes,* 11 Mass. 528, 532. *Rotch* v. *Rotch,* 173 Mass. 125, 130. *Welch* v. *Blanchard,* 208 Mass. 523, 527. *Hall* v. *Hall,* 209 Mass. 350, 353. *Ames* v. *Ames,* 238 Mass. 270, 275, 276. *Thompson* v. *Clarke,* 264 Mass. 56, 59. *Clark* v. *State Street Trust Co.* 270 Mass. 140, 151. *Corcoran* v. *Gage,* 289 Mass. 111, 113. *Dana* v. *Wildey Savings Bank,* 294 Mass. 462, 466. *Thompson* v. *Bray,* 313 Mass. 717, 721. See also *Hood Rubber Co.* v. *Commissioner of Corporations & Taxation,* 268 Mass. 355, 357.

In the present case Item Sixteenth of the will contains nothing of significance upon the question before us except that (a) the life tenant was the sole heir, (b) she and her issue must be extinct before distribution to the heirs of the testator, and (c) the gift to her issue and, failing issue, to the heirs of the testator took the form of a mere direction to pay over. These facts are not decisive, but they must be considered with any other indications of intent. It is contended that further light is thrown upon the meaning of "heirs" in Item Sixteenth by Item Fourth, where the same phrase, "my heirs at law," is used three times. In that Item personal property was given in trust for the support of the widow and daughter during the minority of the latter. After that the income of part of the principal was to be paid to the widow for her life and then to the daughter for her life, "and at the death of my daughter . . . the principal shall be paid to my daughters issue in the same manner as if she had died intestate possessed of

the same and if no issue of her is surviving, to my heirs at law." After the majority of the daughter, the income of the rest of the principal was to be paid to her for life "and at her death the principal shall be paid to her issue in the same manner as if she had died intestate possessed of the same, and in default of issue to such person or persons as she may by will direct to receive the same and in default of issue and of will to my heirs at law, — provided that if my wife survives my daughter, my daughter dying without issue, or will disposing of the trust estate, that the same shall be continued in trust during the life of my wife and the income paid to her and at the death of my wife the principal shall be paid to my heirs at law." It is contended that the power of appointment given to the daughter indicates that the heirs were not to be determined as of the death of the testator, for if they were the daughter was his sole heir and the power was unnecessary. But the power was necessary in order to cut off a further life estate in the widow. Under these circumstances the giving of that power has little or no significance. It is further pointed out that the will shows no determination to exclude the brothers and sisters of the testator, or their issue, for it contains ten provisions for them, in the aggregate of more than $11,000. But it is equally true that the will shows confidence in and desire to provide for the daughter to a greater degree than is true of anyone else except the widow.

On the whole we are of opinion that an intent to use the word "heirs" in a sense other than the natural meaning of the word has not been shown. The decree is reversed, and a new decree is to be entered ordering distribution to the estate of Mary H. Mitchell. Payment for services to the guardian ad litem may be allowed by the Probate Court, and costs and expenses of this appeal may be allowed to the respondents in the discretion of that court.

*Ordered accordingly.*