CALEB LORING & another, trustees, *vs.* PAUL B. SARGENT, administrator, & others.

Middlesex.    December 4, 5, 1945. — January 31, 1946.

Present: FIELD, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Devise and Legacy*, Heirs at law.    *Words*, "Heirs."

Under the will of one, whose children were his heirs at law at the time of his death, creating a trust for the benefit of the children during their lives, the principal to go to the testator's "heirs at law" in the event, which occurred, that there were no living descendants of the children at the time of the termination of the trust on the death of the last surviving child, the heirs were to be determined as of the time of the testator's death rather than as of the time of the termination of the trust, the will not showing a contrary intent.

PETITION, filed in the Probate Court for the county of Middlesex on December 16, 1944.

The case was heard by *Poland*, J.

*C. P. Bartlett*, stated the case.

*H. H. Hartwell*, for Bronsdon and another, executors.

*J. A. Boyer,* (*A. P. Teele* with him,) for the respondent Hughes.

*F. K. Rice,* for the guardian ad litem.

*E. C. Thayer,* for Thayer, administrator, and another.

*P. B. Sargent,* for Loring, executor, and another.

*E. O. Proctor,* for Morse, administrator.

LUMMUS, J.   This is a petition by the trustees under the will, executed November 26, 1859, of Israel Lombard who died at the age of fifty-seven years on May 6, 1862, for instructions as to the distribution of two trust funds.

The testator was survived by his widow, Susan Stickney Lombard, who died intestate October 29, 1869, and by their four children, Dwight B. Lombard who died intestate May 8, 1863, Josiah S. Lombard who died testate June 10, 1903, Susan S. Lombard who died testate November 9, 1926, and Edith Lombard who died testate October 19, 1943.   None of the children left issue.

The will in article 6 created a trust fund of $80,000, the income of which was to be paid to the testator's wife and children until the death of the last surviving child, who turned out to be Edith Lombard who survived until October 19, 1943.   At that time the trust fund was to be distributed to the "issue [children?] of my deceased children, the issue [children?] of each child to have their respective parents share by right of representation.   In case there should be no issue [children?] of any of my children then living the said trust fund shall be equally distributed among my great grand children share and share alike; and, in the event that no great grand children of mine then exist, it shall go to my heirs at law."

The will in article 7 divided the residuary estate into four equal shares, one of which, except for $10,000 paid to the testator's daughter Edith Lombard on her twenty-first birthday in 1873, was to be held in trust with the income payable to her until her death and then distributed "to her issue and if she die without issue it shall be paid to those of my children that shall survive her, share and share alike, and if none of my children survive her it shall be paid "to my heirs at law."

If the "heirs at law" of the testator are to be determined as of the termination of the trusts on October 19, 1943, then they must be traced through the father of the testator, and were Caroline M. Lombard Bronsdon and Elinor Lambert Hughes, respectively a grandniece and a greatgrandniece of the testator. If, on the contrary, the "heirs at law" of the testator are to be determined as of the date of his death on May 6, 1862, then the trust funds are to be distributed equally among the personal representatives of his children. Both funds now consist wholly of personalty, but at one time the residuary trust for Edith Lombard contained some realty. We need not consider whether the widow was one of the "heirs at law" as to any of the trust property, because no one contends that she was, and it is undisputed that if she took any interest in the principal of either of the trust funds the benefit of that interest and also the benefit of the interest of her son Dwight B. Lombard, who died intestate before her, have passed to her other three children and their personal representatives, so that the question has no substantial importance. See Gen. Sts. (1860) c. 91, § 1; c. 94, § 16; *Tyler* v. *City Bank Farmers Trust Co.* 314 Mass. 528, 529, 530.

The probate judge did not decide as of which date the "heirs at law" of the testator are to be determined, but reserved and reported the case for the consideration of this court, under G. L. (Ter. Ed.) c. 215, § 13. *Curran, petitioner,* 314 Mass. 91.

The general rule is well settled that the word "heirs" in provisions like those in question means heirs determined as of the time of the death of the ancestor, unless the will shows a contrary intent. *Tyler* v. *City Bank Farmers Trust Co.* 314 Mass. 528. *Old Colony Trust Co.* v. *Johnson,* 314 Mass. 703. *National Shawmut Bank* v. *Joy,* 315 Mass. 457, 467. *Barker* v. *Monks,* 315 Mass. 620. That general rule was well recognized when the will in question was executed and when the testator died. *Childs* v. *Russell,* 11 Met. 16. *Brown* v. *Lawrence,* 3 Cush. 390. *Eldridge* v. *Eldridge,* 9 Cush. 516. Recent cases in which a contrary in-

tent has been shown by the will are the following: *Worcester County Trust Co.* v. *Marble,* 316 Mass. 294. *Amerige* v. *Goddard,* 316 Mass. 566. *Taylor* v. *Albree,* 317 Mass. 57. *Magill* v. *Magill,* 317 Mass. 89. *McKay* v. *Audubon Society, Inc.* 318 Mass. 482.

Elaborate arguments have been addressed to us, based upon various provisions of the will, in favor of determination of the heirs as of the time of the termination of the trusts. We have considered them carefully, but we deem it unnecessary to discuss them. It is enough to say, that in our opinion no intent to use the word "heirs" in any other than the natural and accurate sense of the word is shown by the will. The "heirs at law" of the testator intended by the will are those who were his heirs at his death.

The petitioners are instructed that both trust funds are to be distributed in equal shares to the personal representatives of the three children of the testator that survived his widow. The allowance of costs and expenses is to be within the discretion of the Probate Court. *Smith* v. *Livermore,* 298 Mass. 223, 249. *Poor* v. *Hodge,* 311 Mass. 312.

*So ordered.*