JAMES E. BAGLEY, JUNIOR, administrator, *vs.* GRACE L. KUHN & others.

Suffolk. January 7, 1948. — February 4, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, RONAN, & WILLIAMS, JJ.

*Devise and Legacy,* Heirs at law, Intestacy. *Words,* "Heirs."

The provisions of a certain will that the principal of a trust thereunder, on the death of a life beneficiary without issue, should be given "to my heirs at law" meant the heirs at law of the testator determined as of the time of his death, because the will did not disclose an intention on his part that the "heirs" should be determined as of the time of the death of the life beneficiary although one of the heirs determined as of the time of the testator's death was a daughter whose husband might have inherited from her any vested remainder interest of hers in the trust, whereas the will provided that a life interest which she specifically was given therein was to be "independent of any husband."

A will could not be construed to pass only property in the testator's possession at the time it was made but also included and operated upon a remainder interest under a trust which had been vested in the testator although not enjoyed by him in his lifetime: a construction resulting in intestacy was not required.

PETITION, filed in the Probate Court for the county of Suffolk on April 22, 1946, by the administrator with the will annexed of the estate not already administered of George H. Kuhn.

The case was heard by *Dillon,* J.

*H. B. Powers,* for the respondent Grace L. Kuhn.

*A. B. Carey,* for the respondents Eleanor C. Bowser and another.

LUMMUS, J. This is a petition for instructions as to the meaning of the will of George H. Kuhn, late of Boston, which was proved and allowed in the Probate Court for the county of Suffolk on March 31, 1879.

At the death of the testator there were living three grandchildren: George K. Clarke, born in 1858, and Martha Anna Clarke, born in 1862, the children of the testator's daughter Martha Anne Clarke, who died in 1891, and

Grace L. Kuhn, born in 1872, the child of the testator's son William P. Kuhn, who died in 1896.

The testator directed his executor to deposit with the Massachusetts Hospital Life Insurance Company $200,000 for his daughter Martha Anne Clarke, the income to be paid to her for life, and at her death the principal to be equally divided among her children then living, the portion of a son to be paid to him, and the portion of a daughter to remain on deposit with said company and the income to be paid to the daughter for life. At the death of the daughter "I give said principal sum with the interest that may then be due thereon to her child, or children if more than one in equal portions and so to their respective heirs. If she shall leave no issue then I give the same *to my heirs at law*" (emphasis supplied).

Martha Anna Clarke, the daughter of the testator's daughter Martha Anne Clarke, died without issue on November 9, 1945. The property in question, by the will of the testator, was then to pass to "my heirs at law," meaning the heirs at law of the testator George H. Kuhn. The principal question is, whether those "heirs at law" are to be determined as of the date of death of the testator George H. Kuhn in 1879, or as of the date of the death of the equitable life beneficiary, Martha Anna Clarke, in 1945. At the earlier date, those heirs at law were the testator's children Martha Anne Clarke and William P. Kuhn. At the later date, those heirs at law were Eleanor Clarke Bowser, the daughter of the life beneficiary's brother George K. Clarke, and Grace L. Kuhn, the daughter of the life beneficiary's uncle William P. Kuhn. The decree of the Probate Court instructed the petitioner that the heirs at law of the testator George H. Kuhn are to be determined as of the date of his death in 1879, and that the fund is to be equally divided between Eleanor Clarke Bowser and the trustees under the will of William P. Kuhn. Grace L. Kuhn appealed.

The general rule of construction in cases like the present case has been settled in this Commonwealth at least since the case of *Childs* v. *Russell*, 11 Met. 16, decided in 1846.

It is stated as a "well settled" rule in *Abbott* v. *Bradstreet*, 3 Allen, 587, 589, decided in 1862. In *Tyler* v. *City Bank Farmers Trust Co.* 314 Mass. 528, 531, that general rule was stated thus: "In the accurate use of language, only those entitled to inherit at the death of another can be called his heirs. Accordingly, unless a contrary intention appears, a gift in a will to the heirs of a person, whether he be the testator or a life tenant or another, will be construed as a gift to such heirs determined as of the time of death of that person." The same general rule has been applied in a number of later cases. *Old Colony Trust Co.* v. *Johnson*, 314 Mass. 703. *Loring* v. *Sargent*, 319 Mass. 127.

But, as was recognized in the *Tyler* case (page 532), "The general rule will yield, however, where it appears that the testator used the word 'heirs' in an inaccurate sense, to denote a hypothetical and artificial class composed of those who would have become heirs had their ancestor lived until some then future time, usually the time of the termination of some life estate, and the intention of the testator will be given effect." This exception was applied in *Thompson* v. *Bray*, 313 Mass. 717, *Worcester County Trust Co.* v. *Marble*, 316 Mass. 294, *Taylor* v. *Albree*, 317 Mass. 57, and *McKay* v. *Audubon Society, Inc.* 318 Mass. 482.

The appellant Grace L. Kuhn points out that the testator provided that the life interest of his daughter Martha Anne Clarke was to be "independent of any husband she now has, or may have at any time hereafter," and was not to be "liable in any contingency for his debts or obligations." She points out that by Gen. Sts. (1860) c. 94, § 16, Fourth, if an intestate was a married woman her surviving husband succeeded to all her personal estate not needed for debts and charges of administration. See also Pub. Sts. (1882) c. 135, § 3, Third. And she contends that it is unlikely, in view of the express exclusion of any husband of Martha Anne Clarke, that the testator intended to permit her husband to take by inheritance from her her interest as an heir of the testator in a vested remainder. A similar situation was presented in *Jewett* v. *Jewett*, 200 Mass. 310, 317, 318, where Sheldon, J., said, "The careful provision that the

share of the income of the trust fund which was to be paid
to her [the testatrix's] daughters or to their female descend-
ants should be paid to them or for their benefit independently
of their husbands does not warrant the inference that she
wished to deprive her daughters of any interest in remainder
lest they should exercise their unrestricted power of disposi-
tion by bequeathing it to their husbands."

We find nothing in the will that runs counter to the gen-
eral rule that the heirs are to be determined as of the death
of the testator. Those heirs at law were the testator's chil-
dren Martha Anne Clarke and William P. Kuhn.

A further question arises as to the devolution of the
half interest which, in the absence of issue of Martha Anna
Clarke, passed into the estate of William P. Kuhn as one
of the two heirs of the testator.

William P. Kuhn died in 1896, leaving a widow Mary
R. Kuhn and one daughter, the appellant Grace L. Kuhn.
By his will [1], after some specific and pecuniary legacies, he
gave all his property to trustees, in trust to pay the income
to his widow (now deceased) and his daughter during their
joint lives, and after the death of the widow to his daughter.
At the death of the survivor of the wife and daughter the
principal was to pass to the issue of the daughter then
living, and in default of issue "to the heirs at law then
living of my late father George H. Kuhn." It cannot be
maintained that his will passed only property in the posses-
sion of William P. Kuhn when it was executed, or at his
death, and did not pass subsequent interests. A construc-
tion resulting in partial intestacy is not to be adopted unless
plainly required by the language of a will. Presumably a
testator intends to dispose of all his property. *Hedge* v.
*State Street Trust Co.* 251 Mass. 410, 412. *Robertson* v.
*Robertson*, 313 Mass. 520, 525. *Holmes* v. *Welch*, 314 Mass.
106, 109. We do not agree with the contention of the
appellant Grace L. Kuhn that she is entitled to half the
fund in question as intestate property of the estate of
William P. Kuhn. We think that the Probate Court was

---

[1] This will was executed on August 12, 1896. — REPORTER.

right in instructing the petitioner to pay half the fund to the trustees under the will of William P. Kuhn.

Costs and expenses of this appeal may be allowed in the discretion of the Probate Court.

*Decree affirmed.*