DANIEL J. O'ROURKE *vs.* ROBERT BEARD.

Suffolk.    January 9, 1890. — January 16, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Trust in Fee — Uncertainty — " Or " — Substituted Gift.*

A testator devised "his entire estate, whether real, personal, or mixed," to trustees "for the benefit of my three children," naming them, "or their heirs." *Held,* that a valid trust was created.

WRIT OF ENTRY to recover a parcel of land. Plea, *nul disseisin.* At the trial in the Superior Court, without a jury, before *Aldrich,* J., the following facts were agreed.

George Woollard died on June 25, 1888, seised of the demanded premises, and leaving a will, containing the following provisions, which alone are material:

" Item II. My entire estate, whether real, personal, or mixed, of which I die possessed, or which I may own at the time of my decease, I will and bequeath to Daniel V. Folts and Julius C. Folts, my trustees hereinafter named, for the benefit of my three

children, Margaret Almira Beard, George Webb Woollard, and Mary Elizabeth Holmes, or their heirs.

" Item III. I hereby authorize and empower my said trustees to sell all my estate at public auction, and give proper deeds to all purchasers of such real estate."

The will was duly admitted to probate, and the trustees appointed under it subsequently sold the demanded premises in due form, and conveyed them to the demandant. The tenant was the husband of the testator's daughter, Margaret A. Beard, named in the will, who died before the testator, and he claimed title to the demanded premises through his wife and their children.

The tenant asked the judge to rule that no valid trust was created by the will, and that the sale and deed to the demandant were of no force. The judge refused so to rule, and found for the demandant; and the defendant alleged exceptions to the ruling.

*J. L. Eldridge*, for the tenant.

*C. F. Donnelly & C. F. Paige*, for the demandant.

HOLMES, J. This is a real action. The demandant claims title under a sale in due form by trustees having an express power to sell under the will of one who died seised of the premises. The only ground on which the validity of the sale is denied is that the trust is invalid. It is enough for us to say that we perceive no ground for doubting that the trust is valid. The trust is of the testator's " entire estate, whether real, personal, or mixed, . . . for the benefit of my three children [naming them] or their heirs." There is no uncertainty, in the sense of *Olliffe* v. *Wells*, 130 Mass. 221, cited for the tenant, although there might be a doubt as to the proper construction which it is not necessary for us to resolve.

In some cases, especially of devises of land, " or " has been read " and," so as to make " heirs " a word of limitation. *Read* v. *Snell*, 2 Atk. 642, 645. *Wright* v. *Wright*, 1 Ves. Sen. 409. *Harris* v. *Davis*, 1 Collyer, 416, 423. *Lachlan* v. *Reynolds*, 9 Hare, 796, 798. *Greenway* v. *Greenway*, 2 DeG., F. & J. 128, 139. *Adshead* v. *Willetts*, 29 Beav. 358.

A more likely construction, since words of inheritance are not now necessary in order to carry the absolute interest, is that

"or" makes a substituted gift, as is provided by the Pub. Sts. c. 127, § 23, in case either of the testator's children should die before him, and as has been held in England with regard to gifts of personalty or of real and personal estate together. *Gittings* v. *M'Dermott*, 2 Myl. & K. 69, 75. *Wingfield* v. *Wingfield*, 9 Ch. D. 658. *Keay* v. *Boulton*, 25 Ch. D. 212. See *Hall* v. *Hall*, 140 Mass. 267, 270. Probably the time of substitution is the testator's death, so that any child who survived him took an absolute title. *Montagu* v. *Nucella*, 1 Russ. 165, 170, 171. *Salisbury* v. *Petty*, 3 Hare, 86, 93. *Whitcher* v. *Penley*, 9 Beav. 477.

We do not suppose that the counsel for the tenant meant seriously to suggest that a trust estate in fee simple is bad.

*Exceptions overruled.*