HENRY LEE & another, trustees, *vs.* CHARLES A. WELCH & another, executors.

Suffolk. December 7, 1894. — March 4, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Devise and Legacy — Contingency — Survivorship — Gift to " my other Children."*

A testator, having provided for his wife by will, directed that during her life the balance of the net income of the residue should be equally divided among his children, and after the wife's decease all his estate should " be divided into as many equal parts as the number of my children who survive her shall be (the issue of a deceased child always standing *in loco parentis*) and the shares " of the sons to be theirs absolutely. The shares of the daughters were to be held in trust during their respective lives, so as to secure to them the income of their respective shares during life, " and to their respective husbands, if they shall leave their present ones surviving them, the income and produce during the lives of these husbands respectively ; and from and after the decease of my daughters and their husbands respectively the trust premises shall go to their respective issue, if any shall then be living ; otherwise, the said trust premises shall go to my other children or their issue respectively." The testator left surviving him a widow and five children, A., B., C., D., and E., all of whom survived the widow. D., a daughter, died on December 9, 1885, childless, leaving a husband, who was her husband at the date of the will and who died on May·4, 1894. E. still lived. C. died unmarried before D., on January 18, 1877, leaving a will. A. and B. died after D. and before D.'s husband, testate, and leaving children. *Held*, that one third of D.'s share went to E., one third to the issue of A., and one third to the issue of B., as purchasers.

HOLMES, J. This is a bill brought by the trustees under the will of William D. Sohier, for the construction of the last words of the following clause of the will : " During the life of my wife the balance of the net income of all the residue of my estate, real and personal, shall be equally divided and paid to and among my children, and after her decease all my estate shall be divided into as many equal parts as the number of my children who survive her shall be (the issue of a deceased child always standing *in loco parentis*) and the shares of my sons may be taken by them and be at their absolute disposal. The shares of my daughters shall be conveyed and assigned to two or more persons in trust, so and in such manner as to secure to their sole and separate use, during their respective lives, the income and annual produce of

their respective shares, and to their respective husbands, if they shall leave their present ones surviving them, the income and produce during the lives of these husbands respectively; and from and after the decease of my daughters and their husbands respectively the trust premises shall go to their respective issue, if any shall then be living; otherwise, the said trust premises shall go to my other children or their issue respectively." The testator previously had provided for his wife, and this is the final disposition of the residue.

The testator left surviving him a widow, and five children all of whom survived the widow. One of these children, Mary D. S. Higginson, died on December 9, 1885, childless, leaving surviving her her husband, Waldo Higginson, who was her husband at the date of the will, and who died on May 4, 1894. The question is to whom her share shall go. One child, Elizabeth B. Bryant, still lives. Another child, George B. Sohier, died unmarried before Mrs. Higginson, on January 18, 1877, leaving a will. The other two, Edward D. Sohier and William Sohier, died after Mrs. Higginson and before Mr. Higginson, testate, and leaving children. If interests in Mrs. Higginson's share vested in her brothers at the death of the testator or of his widow, they passed by their wills. It is not necessary to state all other possible constructions.

The gift to issue in the words to be construed, " shall go to my other children or their issue," clearly is by way of substitution. *O'Rourke* v. *Beard*, 151 Mass. 9. For this reason, if for no other, the children of Edward and William take as purchasers the shares that their father would have taken if living. But we are of opinion further, that this gift to " my other children " is only to such children as survive Mr. and Mrs. Higginson. The foundation of the gift is contingent. The estate is to be divided only among such children as survive the testator's widow. According to the beginning of the paragraph, as set forth above, the right of a child in the lifetime of the widow was none the less contingent that there was in that case also a substituted devise to issue. The general principle throughout is survivorship. Just before the words in question, it is directed that " the trust premises shall go to their respective issue, if any shall then be living." " My other children " cannot mean all my other children, as it

would be absurd to suppose that a larger class took the secondary shares than took the original shares. Inasmuch as the testator excludes children who have not survived his widow, and as children who have survived her, but have died before the moment of distribution leaving issue, take nothing, it seems to us more in accordance with the implications of the will to say that the final gift also is contingent on survivorship, rather than to say that it is vested in the artificially selected class of children who survive the widow, but subject to be devested in favor of their issue, if they leave any, and that it gives to those who have no children the preference of absolute ownership. We have to go upon slight differences. If the limitation after the widow's death were to all the children, it may be that all the children would take the remainder in Mrs. Higginson's share, only subject to be devested in favor of their issue in case they died before the moment of distribution. But that is not this case.

The result is, that Mrs. Higginson's share will go, one third to Mrs. Bryant, one third to the issue of Edward D. Sohier, and one third to the issue of William, as purchasers.

*Decree accordingly.*

*F. V. Balch*, for the petitioners, read the papers in the case.

*W. G. Russell & J. Fox*, for the children of Edward D. Sohier.

*J. Lowell*, for the children of William Sohier.

*C. A. Welch*, for the trustees under the wills of Edward D. Sohier and William Sohier, and for William D. Sohier, executor, submitted the case on a brief.