ETTA F. DUNTON *vs.* LOUISE CROCKER LYONS & others.

Plymouth. March 2, 1948. — March 31, 1948.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Devise and Legacy,* Remainder, Death of beneficiary.

Under a provision of a will, that upon the death of a life beneficiary of certain property it should go "in equal shares to such of . . . [six named] cousins as may then be living . . . providing, however, that if . . . [one of such cousins named S] shall not then be living her share hereunder shall be equally divided among the others and if any of the other beneficiaries herein are not then living, then . . . : her share to such of her heirs and next of kin as are then living," one of such cousins named D, who was the only one of them surviving the life beneficiary, became entitled to the whole of the property upon the life beneficiary's death.

PETITION, filed in the Probate Court for the county of Plymouth on January 29, 1947.

The case was heard by *Stone,* J.

*J. F. Thistle,* for the respondents Lyons and others.

*E. A. Kollen,* for the respondent Mansfield.

*J. H. Dignan,* for the respondents Dyer and others, submitted a brief.

*W. F. Stephens,* for the respondents Hollis and others, submitted a brief.

*F. T. Iddings,* for the petitioner.

WILKINS, J. This is a petition in equity by a beneficiary under the will of Adelaide M. Andrews for a binding determination as to the persons entitled to take under the residuary clause. G. L. (Ter. Ed.) c. 213A, as inserted by St. 1945, c. 582, § 1. In that clause the testatrix gave real and personal estate to her husband, Orin B. Andrews, for life with the right to use the principal, and then provided: "If, upon the death of my said husband, there remains any property or estate under this bequest, I give and devise the same absolutely and in equal shares to such of my following cousins as may then be living, Emma Scott of Randolph,

Massachusetts, Adnea Bass of Boston, Massachusetts, Ellen Hollis of Randolph, Massachusetts, Etta Dunton of North Adams, Massachusetts, Nettie Cushman of Randolph, Massachusetts, and Marilla Dyer of Randolph, Massachusetts, providing, however, that if the said Emma Scott shall not then be living her share hereunder shall be equally divided among the others and if any of the other beneficiaries herein are not then living, then in that event, her share to such of her heirs and next of kin as are then living."

The petition alleges that Orin B. Andrews has died; that at his death the petitioner was the only survivor among the cousins named in the will; that a parcel of real estate alone remains of the estate of the testatrix; that the petitioner is the sole owner of the real estate; and that heirs and next of kin of the other cousins make claims which render the petitioner's title not marketable. These allegations are not disputed.

The Probate Court entered a decree reading in part as follows: "1. That the wording of the will of the late Adelaide M. Andrews shows clearly it was her intention that her property should go to such of her cousins as survived her; that her clear intention was that their interests should vest, on condition that they survived; that this condition of survival was in her mind throughout the drafting of the residuary paragraph; that none of the heirs at law of any of the six cousins inherited anything unless there was no surviving cousin, in which event the heirs at law or next of kin would inherit. 2. That Etta F. Dunton being the only surviving cousin, inherits the entire estate under the circumstances set forth in the foregoing petition. 3. That the entire paragraph must be interpreted as a whole, and that the intent of the testatrix must be gleaned from the reading of the entire paragraph, rather than from placing any strained construction upon any one sentence or one clause of the paragraph." Certain heirs or personal representatives of deceased cousins of the testatrix appealed.

We think that the decree was right. The will shows a definite intent that the named cousins surviving at the death of the life beneficiary should take to the exclusion of the heirs

and next of kin of any cousins who might predecease the life beneficiary. The proviso clause must be interpreted as applying only to the situation where no cousins might survive the life beneficiary, and as meaning in that event that the heirs and next of kin of all the cousins except Emma Scott should then participate.

*Decree affirmed.*