HAROLD W. KNOWLTON, trustee, *vs.* WALTER R.
FORBUSH, administrator, & others.

Norfolk. April 7, 1948. — May 7, 1948.

Present: QUA, C.J., DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Devise and Legacy,* Remainder, Intestacy.

A will which, read as a whole, showed plainly a plan of the testatrix
that the income of a residuary trust should be enjoyed by her two
daughters and their issue during the daughters' lives and that their
issue should be the ultimate beneficiaries of the trust property upon
the death of the survivor of the daughters, and which provided specif-
ically for distribution of the trust property among the daughters'
issue if both should die leaving issue or to certain charities if both
daughters should die without issue but made no specific provision
for the contingency, which occurred, of one daughter's dying with-
out issue and the surviving daughter's dying leaving issue, by neces-
sary implication provided that the trust property should be distributed
among the issue of the surviving daughter; there was not an intestacy
as to that property.

PETITION for instructions, filed in the Probate Court for
the county of Norfolk on March 8, 1947.

The case was heard by *Reynolds,* J.

*H. W. Knowlton,* stated the case.

*D. B. MacCormack,* for Forbush, administrator.

*C. W. Blood,* for Mary A. Bates and others.

RONAN, J. This is a petition by the trustee under the
will of Emily C. Amsden for an interpretation of the fifth
clause of her will. Mrs. Amsden died on September 18,
1913, leaving as her heirs at law and next of kin two daugh-
ters, Annie A. Bean and Ella A. Sayward. Mrs. Bean died
on November 14, 1927, without issue, and Mrs. Sayward
died on August 28, 1943, leaving three children and four
children of a deceased daughter.

By the fifth clause of the will the residue of the estate of
the testatrix was left in trust for the benefit of the two
daughters, who were to be paid the income during their
lives, and if either died without issue the entire income was

to be paid to the survivor during her life; but if a daughter left issue, the issue was to receive one half of the income during the life of the surviving daughter. The will further provided that "at the decease of both of my said daughters Ella and Annie, or of the survivor of them, without issue living at the time of said decease, then my entire property and estate shall be divided equally between" two charities. These charities were also to receive the property if both daughters predeceased the testatrix without issue living at their decease. "Upon the decease of both of my said daughters leaving issue children or grand-children, then I direct my trustee hereinafter named, or his successors, to distribute my estate in equal shares; one half to the issue of my said daughter Ella: the other half to the issue of my said daughter Annie." The will provided for the distribution of the trust if both daughters died without issue or if both died leaving issue, but it made no specific provision for the contingency which actually happened, namely, the death of one daughter without issue and the death of the surviving daughter leaving issue.

The question is whether upon the termination of the trust on the death of both daughters the trust res passed to the issue of the daughter who survived her sister or whether it is to be distributed as intestate property.

It is the duty of the court in the interpretation of a will to examine the entire will and to consider the circumstances attending its execution in order, if possible, to ascertain the intent of the testator from the words he used construed in the light of the facts with reference to which they were employed; and if a reading of the whole will produces a conviction as to the disposition he intended to make of his property, then the intent so manifested will be carried out even though not specifically expressed in formal words. In the case at bar, the plan of the testatrix for the disposition of her property is plain. After providing for a monument and the care of her burial lot and for two small legacies for her sons-in-law, her chief concern was her daughters and their issue. Everything else was subordinate to this primary object. The daughters were to have the income during their

lives; if one predeceased the other, the latter was to enjoy the entire income unless the deceased daughter left issue, in which case the issue were to have one half of the income. The daughters and their issue were the exclusive recipients of the income while the trust existed. Upon the termination of the trust, the property was to be distributed between two charities but only if the daughters left no issue. She was careful to point out that by issue she meant children and grandchildren of a daughter. She desired her property to go to her lineal descendants. No stranger was to share in her property unless there was a failure of issue at the death of the surviving daughter. That this was her intention is emphasized by the provision that the charities were not to take unless there was a failure of issue upon the termination of the trust or unless there was such failure if the daughters predeceased the testatrix. The issue of her daughters were to be the ultimate beneficiaries. The important fact was the existence of issue at the decease of both daughters, and whether the issue was of both daughters or of either daughter was subordinate to the design of the testatrix. If there should be issue of both, then they were to take by representation. So the will said. If there were issue of only one daughter, they were to take. So the will said by necessary implication. Furthermore, it is plain that the testatrix did not intend that the trust res should pass as intestate property. That would be contrary to her plan as disclosed by the will. The decree of the Probate Court ordering distribution among the issue of Ella A. Sayward was right and must be affirmed. *Metcalf* v. *First Parish in Framingham*, 128 Mass. 370. *Boston Safe Deposit & Trust Co.* v. *Coffin*, 152 Mass. 95. *Sanger* v. *Bourke*, 209 Mass. 481. *Stearns* v. *Fenno*, 227 Mass. 247. *Wentworth* v. *Bell*, 249 Mass. 120. *Old Colony Trust Co.* v. *Molleson*, 315 Mass. 584. *Hendrick* v. *Mitchell*, 320 Mass. 155. *Goodwin* v. *New England Trust Co.* 321 Mass. 502.

Costs and expenses of this appeal may be allowed to the respondents or their counsel in the discretion of the Probate Court.

*So ordered.*