OLD COLONY TRUST COMPANY, trustee, *vs.* B. DEVEREAUX
BARKER, administrator, & others.

Norfolk.    December 9, 1954. — April 22, 1955.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Devise and Legacy,* Time of vesting, Remainder.

Provisions of a certain will establishing a residuary trust to pay the
income to the testator's widow during her life and directing that on
her death the trustee pay a specified sum from the principal "to . . .
[a named cousin of the testator] or in case of his death to his issue by
right of representation" entitled the cousin's issue, not his estate, to
the specified sum on the death of the widow where the cousin had
survived the testator but had predeceased her.

PETITION for instructions, filed in the Probate Court for
the county of Norfolk on January 7, 1953.

The case was heard by *Hickey,* J.

*James E. Carroll,* stated the case.

*H. Peter Somers,* (*S. Roy Remar* with him,) for William H.
Towle and others.

*John L. Hurley,* for Isabelle D. Watt, executrix.

WILLIAMS, J.  This is a petition by the trustee under the
will of Robert H. Monks to be instructed as to whom cer-
tain legacies and shares in the principal of a trust should
be paid.  The testator died on February 16, 1923, leaving a
will which had been executed on July 2, 1904.  Therein,
after bequests to his wife, Anne B. Monks, he left the resi-
due of his estate in trust to pay the income to her during
her life and upon her death to pay over the principal to
certain named beneficiaries of whom one was Frank H.
Towle, a cousin of the testator.  The trustee was directed
in the fourth article of the will "to pay over to my kins-
man, Frank H. Towle . . . or in case of his death to his
issue by right of representation, the sum of . . . $10,000."
In the sixth article of the will, the testator provided: "In

case my said wife should not survive me, or in case my said wife and I should perish in a common calamity, I devise and bequeath . . . To said Frank H. Towle, the sum of . . . $20,000." The testator's wife survived him and died July 27, 1952. Towle died, testate, June 14, 1940, leaving four children, William H. Towle, Helena G. Strachan, Kathryn DeBeck, and Marion L. T. Elston. With the executrix of Towle's will they are respondents to the petition. The four children appeal from that part of the final decree which instructs the trustee that the $10,000 legacy to Towle "shall now be paid to the legal representative" of his estate "or to the parties now holding his respective interest."

A rule of construction which is pertinent to the legacy in question is stated as follows in Restatement: Property, § 252. "In a limitation purporting to create a remainder or an executory interest, in . . . 'B or his issue' . . . the alternative form tends to establish as to the interest of B that (a) a requirement of survival to the end of all preceding interests exists; and (b) such survival is a condition precedent of such interest." See *Robertson* v. *Robertson*, 313 Mass. 520, 529. In the accompanying comment a, designated "Rationale," it is said, "The use of the disjunctive 'or' . . . tends to establish the intent of the conveyor that a choice be made at some time between 'B' and the potential takers under the rest of the limitation. The further fact that there are interests prior to the interests created or attempted to be created by the quoted limitation affords, in the duration of such prior interests, a reasonable and convenient postponement of the making of this choice. Survival by B for this period of postponed choice justifies the stated constructional tendency to exclude completely the potential takers under the balance of the limitation." (See also comment e.) In the instant case Towle did not survive the life tenant and the question of choice between a distribution to Towle or his issue did not arise. Observance of the rule stated in § 252 leads to the conclusion that Towle did not have a vested interest in the legacy at the time of his death and therefore that his estate was not entitled to

its payment. A decision to this effect will fulfil what we think must have been the intention of the testator. It is clear that he wished Towle and, in the event of his death, his children and perhaps his grandchildren to have the benefit of the gift. The other legacy of $20,000, which did not materialize, would have been payable to Towle personally if he survived the testator, or, if he predeceased him, to his issue by virtue of G. L. (Ter. Ed.) c. 191, § 22. The language used by the testator in reference to the $10,000 legacy seemingly was intended to bring about a similar result; that is, if Towle survived the life tenant he would be paid the legacy and if he died before her the legacy would go to his issue. Payment of the legacy to Towle's estate would be contrary to the testator's intent. As the time for distribution of the principal of the trust has arrived and the four children of Towle, who are respondents, are his immediate issue, they are entitled to be paid the legacy in question.

The final decree is amended by striking out that part which relates to the payment of this legacy, and in place thereof instructing the trustee to pay the legacy to the respondent children. As so modified the decree is affirmed. Costs and expenses of the appeal are left to the discretion of the Probate Court.

*So ordered.*