OLD COLONY TRUST COMPANY, trustee, vs. NATHAN TUFTS
& others.

Middlesex.     April 6, 1960. — June 30, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN,
& CUTTER, JJ.

*Devise and Legacy*, Remainder, Time of vesting.  *Equity Pleading and
Practice*, Appeal, Proceeding for instructions.  *Words*, "Then."

Under a will bequeathing various shares of the residue of the testator's
estate to ten named individuals with provisions that in case any one of
nine of the ten should predecease the testator the share of the deceased
legatee should go to that legatee's issue and, with respect to the share of
the tenth legatee, that in case she should predecease the testator her
share should "lapse," and bequeathing a share in trust for an income
beneficiary for life with the provision that upon his death the trus-
tee should "pay the principal of the trust to those then entitled
to receive the other shares of the . . . residue . . . paying to each a
share proportionate to the share he or she is entitled to of said . . .
residue," the remainder interests in the trust vested at the death of the
testator in the ten named residuary legatees, all of whom survived
him, and on the death of the life beneficiary of the trust the principal
should be paid to three named residuary legatees then living and to the
estates of the other seven then deceased in proportion to their respec-
tive original shares in the residue, rather than proportionately to the
three living named residuary legatees only or proportionately to them
and to then living issue of deceased named residuary legatees by right
of representation.  [282]

On appeal from the final decree of a Probate Court upon a petition by
the trustee under a will for instructions concerning the distribution of
the trust fund, this court ordered entry of the proper decree required
on the record even though it was more favorable than the Probate
Court decree to one of the respondents who had not appealed.  [285]

PETITION FOR INSTRUCTIONS, filed in the Probate Court for
the county of Middlesex on December 23, 1958.

The case was heard by *Monahan, J.*

*James E. Carroll*, stated the case.

*Joseph T. Bartlett*, for Nathan Tufts and others.

*Paul B. Sargent*, for Bertha F. Kidder and others.

CUTTER, J.   This is an appeal from a decree of the Pro-
bate Court upon a petition by the trustee under the will of
Dr. Edward C. Booth for instructions concerning the dis-

tribution of a trust fund. The matter was presented in the Probate Court upon the pleadings, Booth's will, certain testimony, and statements of counsel, all of which are reported.

Booth died in 1925. In his will, he provided that the residue of his estate including lapsed legacies and devises was to be divided into ninety parts. Eighty ninetieths he bequeathed in varying amounts to ten named individuals. For instance, he bequeathed "[f]ifteen ninetieth parts thereof to Arthur T. Kidder . . . *and in case that he shall predecease me,* then said fifteen ninetieth parts shall go to his issue . . . by right of representation" (emphasis supplied). His bequests to eight other named individuals were in similar language. In one further bequest he gave "[t]en ninetieth parts thereof to Mary Alice Tufts . . . and *in case that she shall predecease me* said legacy shall lapse"[1] (emphasis supplied).

Booth also created two trusts. Each trust consisted of five ninetieths of the residue, and was in precisely the same language except for the designations of the beneficiaries. One trust was for the benefit of a Mr. and Mrs. Temple and one, that now considered, was for the benefit of a Mr. and Mrs. Rockwell. The Rockwell trust provided that the trustee was to hold five ninetieths of the residue "to pay over the net income . . . to or for the benefit of Alice Rockwell . . . and John Arnold Rockwell . . . during their lives and the life of the survivor of them, and upon the decease of said survivor, *then to pay the principal of the trust to those then entitled to receive the other shares of the . . . residue . . . of my . . . estate under the terms of this will, paying to each a share proportionate to the share he or she is entitled to of said . . . residue . . . under the terms of this will*" (emphasis supplied).[2]

---

[1] The reason for the different language in the legacy to Mary Alice Tufts may have been that she had no issue. She died without issue in 1928.

[2] The testator further provided, in what appears to be purely repetitive language so far as concerns the Rockwell trust, that "[i]n case that any of these distributions of the remainder of my . . . estate shall fail for any reason such portion shall be distributed and paid to *those then entitled to receive the other shares of the . . . residue . . . under the terms of this will, paying to each a share proportionate to the share he or she is entitled to of said . . . residue . . . under the terms of this will*" (emphasis supplied).

All of the individual residuary legatees and all the trust beneficiaries, except Mrs. Temple, survived the testator. Temple died in 1927, and the principal of the trust for him was distributed proportionately to the other residuary legatees, all of whom were then living, and to the Rockwell trust.

The Rockwell trust terminated on the death of John Rockwell on July 23, 1958. Three of the named residuary legatees, Nathan Tufts, Mary Richardson, and Charlotte Hatch, the appellants, were then still alive. The other seven residuary legatees had died, one leaving no issue and six leaving issue.[3]

A final decree was entered directing distribution of the trust fund "thirty per cent to the present living issue of Arthur T. Kidder by right of representation, twenty per cent to Nathan Tufts, twenty per cent to the living issue of Harry D. Booth by right of representation and six per cent to each of the following: Mary Jane Tufts Richardson, Charlotte T. Hatch, and the living issue by right of representation of Lucy Tufts Bascom and Harriet T. Chickering and Amy T. Richardson." The three named residuary legatees, who were alive at the termination of the Rockwell trust, have appealed. They contend that the fund should be paid proportionately to them, rather than in accordance with the contention of the appellees (embodied in the final decree) that it should be paid proportionately to the surviving residuary legatees and by right of representation to the issue, living in 1958, of named residuary legatees who died prior to the termination of the Rockwell trust. In the opinion of a majority of the court neither view can be adopted and the fund is to be paid proportionately to the surviving residuary legatees and the estates of all the deceased residuary legatees, including Mary Alice Tufts (see footnote 1, *supra*).

This court, of course, must examine the entire will to discover Booth's intent. See *Loring* v. *Clapp*, 337 Mass. 53,

---

[3] The issue of one of these six, Joanna R. Davis, predeceased John Rockwell. REPORTER

59.   We should give effect to any ascertainable plan for the disposition of the residue, even though Booth's intent is not expressed with technical correctness.   See *Sears* v. *Childs,* 309 Mass. 337, 344; *Knowlton* v. *Forbush,* 322 Mass. 703, 704; *Morris* v. *Smith,* 332 Mass. 34, 37–38.   Obviously, in interpreting Booth's will, undue weight cannot be given to cases involving other wills different in content.   See *Old Colony Trust Co.* v. *Shackford,* 291 Mass. 361, 365; *Hayes* v. *Hammond,* 336 Mass. 233, 238.   Although in appropriate cases we may imply words apparently omitted from a will (see *Metcalf* v. *First Parish in Framingham,* 128 Mass. 370, 374; *Balcom* v. *Balcom,* 333 Mass. 599, 601–602; *Fay* v. *Fay,* 334 Mass. 311, 319; *Loring* v. *Clapp,* 337 Mass. 53, 60), here no implication of words is necessary, for all the language of the will, as it stands, construed in accordance with usual rules, can be carried out in a manner reaching a reasonable result.

Nine gifts of shares of the residue were outright gifts to persons living at the testator's death, subject only to the provision, "in case that . . . [the legatee] shall *predecease me,* then said . . . ninetieth parts shall go to his [or her] issue . . . by right of representation" (emphasis supplied).   The precise language used indicated that "issue" of these nine named residuary legatees were to take only in case of death before Booth, the testator.

Remainder gifts, in the absence of very clear, affirmative, contrary indication, are treated as vesting at the death of the testator in accordance with the well recognized principle of construction favoring early vesting.   See *Cotter* v. *Cotter,* 293 Mass. 500, 503–504; *Barker* v. *Monks,* 315 Mass. 620, 624; Newhall, Settlement of Estates (4th ed.) § 356. See also *Doggett* v. *New England Trust Co.* 327 Mass. 167, 170.   Cf. *Robertson* v. *Robertson,* 313 Mass. 520, 526–527, distinguishable as a much stronger case for finding an intent to avoid early vesting.   No language in Booth's will overcomes the force of the general rule in favor of early vesting of remainder interests or suggests that the remainder interests under either of the two trusts were to go to

persons other than (a) the individual recipients, at Booth's death, of the outright residuary gifts, (b) the estates of such individual recipients who might die between Booth's death and the termination of the particular trust, and (c) the other trust, if still in existence.  The word "then" in the gift of the remainders ("to those then entitled to receive the other shares" of the residue) does not appear to have been designed to make the gift contingent.  See discussion in *Barker* v. *Monks,* 315 Mass. 620, 626, which, although relevant, is not conclusive here.  The word "then" had meaning, in the Temple trust and in the Rockwell trust, as referring to the possibilities, which in fact occurred with respect to the Rockwell trust, that the other trust might have previously terminated, or that some of the named residuary legatees might have died before the termination of the particular trust so that their personal representatives would take their remainder shares.

Although there was provision for substitution of issue for any one of nine named residuary legatees who might die before Booth, there was no such provision with respect to any such named residuary legatee who might die between the death of Booth and the termination of either trust.  If, for those named residuary legatees who died between Booth's death in 1925 and the death of John Rockwell in 1958, their respective issue are now to be substituted, it will be necessary to imply a provision to that effect from other language of the will.  No sufficient basis for implying such an intention appears in the will.  In fact, the presence of an analogous provision in the event of the death of a legatee before the testator may indicate that no provision for succession of issue was intended to cover the possibility that a named residuary legatee might die after Booth but prior to the termination of one or the other of the trusts.  Cf. *New England Trust Co.* v. *Berry,* 310 Mass. 35, 38, and *Knowlton* v. *Forbush,* 322 Mass. 703, 704, each a case where, from the general language of the entire will, the testator's intention, with respect to a situation not covered by express testamentary language, could be ascertained.

The individual residuary legatees were specifically named. Thus the usual rule of construction would require treating them as individuals. They were not made members of a class, who, respectively, must be living at the termination of each trust in order to share in the remainder interest under that trust. See *Old Colony Trust Co.* v. *Stetson,* 326 Mass. 641, 644, and cases cited; Restatement: Property, §§ 280, 281; Am. Law of Property, §§ 22.5–22.8. Cf. *Old Colony Trust Co.* v. *Treadwell,* 312 Mass. 214, 217–218. There is no indication such as appeared in *Dunton* v. *Lyons,* 322 Mass. 542, 543–544, that the remaindermen must survive the life tenants in order to take. *Bamford* v. *Hathaway,* 306 Mass. 160, 161–163, upon which the appellants largely rely, rests to a considerable extent upon special language, not found here, indicating that there was no intention to give a present vested interest prior to the termination of the life interests. Cf. also *Pollock* v. *Farnham,* 156 Mass. 388, 389.

Our conclusion may produce some inconvenience because under it distribution must be made to the estates of deceased named residuary legatees with consequent practical problems of administration. Cf. *Samia* v. *Central Oil Co. of Worcester,* 339 Mass. 101, 117. Nothing in the record, however, shows that Booth had any intention of avoiding these practical problems, if, indeed, he perceived them at all.

Our conclusion is more favorable than the final decree to at least one party who has not appealed, the executor of Mary Alice Tufts. That this appellee may receive more than under the final decree is unimportant where, on a petition for instructions, we have before us everything which was before the probate judge and must enter the proper decree required by the record even if this involves dealing with the interests of persons not appellants. See G. L. c. 215, § 28; *Swift* v. *Crocker,* 262 Mass. 321, 326; *Creed* v. *McAleer,* 275 Mass. 353, 362; Newhall, Settlement of Estates (4th ed.) § 300, at p. 296.

The final decree is reversed. A new decree is to be entered directing that payment of the corpus of the Rockwell

trust be made to the surviving named residuary legatees living at the termination of the Rockwell trust and to the estates of those named residuary legatees who have died since Booth's death in proportion to the respective original shares in the residue of the named residuary legatees. Costs and expenses of this appeal are to be allowed in the discretion of the Probate Court.

*So ordered.*