BOSTON SAFE DEPOSIT AND TRUST COMPANY, trustee, *vs.*
BOSTON SAFE DEPOSIT AND TRUST COMPANY,
executor, & others.

Middlesex.    December 8, 1961. — March 1, 1962.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE,
& SPIEGEL, JJ.

*Power.    Devise and Legacy,* Power.

In a will establishing a trust to pay the income to the testator's son for life and providing that the son should "have full power to dispose by will of" the principal and that, if he "dies intestate," the principal upon his death should be divided among his heirs at law, the reference to his dying "intestate" was intended to mean failure on his part to exercise his power, and upon his death testate but without exercising the power the principal must be distributed among his heirs at law.

PETITION, filed in the Probate Court for the county of Middlesex on August 3, 1960.

The case was heard by *Leggat, J.*

*Louis F. Eaton,* stated the case.

*Robert C. McKay,* for the respondent Boston Safe Deposit and Trust Company, executor and trustee.

*Richard S. McCabe,* for the respondents Arthur W. Wetherbee, Ellen F. W. Whitcomb, and Caroline B. Wetherbee.

SPIEGEL, J.    This is a petition in equity filed in the Probate Court for the County of Middlesex by the Boston Safe Deposit and Trust Company as trustee under the will of Luke Blanchard. The respondents are the Boston Safe Deposit and Trust Company as executor of the will of Arthur F. Blanchard and trustee of the Blanchard Foundation, and Arthur W. Wetherbee, Ellen F. W. Whitcomb, and Caroline B. Wetherbee, the next of kin and heirs of Arthur F. Blanchard. The petitioner, as trustee, seeks instructions as to the disposition of the trust established by the will of Luke Blanchard and held for the benefit of Arthur F. Blanchard.

The case was heard on a statement of agreed facts. The judge entered a final decree ordering that "the share of said trust fund held for the benefit of said Arthur F. Blanchard be distributed to his next of kin, Arthur W. Wetherbee, Ellen F. W. Whitcomb and Caroline B. Wetherbee." The respondent Boston Safe Deposit and Trust Company as executor of the will of Arthur F. Blanchard and as trustee of the Blanchard Foundation appealed from the decree and requested a report of material facts. The judge found that "all necessary facts for the consideration of this petition have been agreed upon by the parties."

Luke Blanchard died August 18, 1901, testate. He was survived by his widow, Jerusha M. Blanchard, his daughter, Annie M. Blanchard, and his son, Arthur F. Blanchard. These three were appointed executors of and trustees under his will which was executed on March 30, 1899.

"Clause Fourth" of the will of Luke Blanchard provides in material part as follows: "All the rest and residue of my property real and personal, of which I shall die seised and possessed, or to which I shall be entitled at the time of

my decease, I give, devise and bequeath to my wife Jerusha M. Blanchard my daughter Annie M. Blanchard and my son Arthur F. Blanchard to be held by them in trust for the following purposes. . . . (9) To invest the remainder of said property and pay one third of the income thereof to said Jerusha M. Blanchard, one third to said Annie M. Blanchard, and one third of the income thereof to said Arthur F. Blanchard during their lives. Each of said trustees shall have full power to dispose by will of one third of the said remainder. Upon the death of any of said trustees the trust as to one third of said remainder shall end; and if such person dies intestate, his third shall be divided among his heirs at law and next of kin in the same proportion in which they are by law entitled to his property.''

Jerusha M. Blanchard died August 21, 1909, intestate, leaving as her sole heirs at law and next of kin, Annie M. Blanchard and Arthur F. Blanchard. Annie died intestate on August 29, 1931, leaving as her sole heir at law and next of kin her brother, Arthur.

Arthur, by a release dated December 28, 1943, and duly recorded with the Probate Court, irrevocably released and relinquished his power to dispose by will of one third of the remainder of the trust fund set up by his father's will. Arthur died May 19, 1953, and by his will left all his property to the trustees of the Blanchard Foundation, a general charitable trust.

The sole question before us is whether under these circumstances that part of the trust fund established by the will of Luke Blanchard and originally held for the benefit of Arthur F. Blanchard should be distributed to the Blanchard Foundation or to the heirs and next of kin of Arthur F. Blanchard.

Luke Blanchard's will provided that if a trustee should die "intestate," the property over which such trustee had a power of disposition by will should pass to his heirs and next of kin. In the instant case the trustee, Arthur F. Blanchard, did not exercise the power, nor did he die intestate. Luke's will did not expressly treat with this situation.

"It is the duty of the court in the interpretation of a will to examine the entire will and to consider the circumstances attending its execution in order, if possible, to ascertain the intent of the testator from the words he used construed in the light of the facts with reference to which they were employed; and if a reading of the whole will produces a conviction as to the disposition he intended to make of his property, then the intent so manifested will be carried out even though not specifically expressed in formal words." *Knowlton* v. *Forbush,* 322 Mass. 703, 704. See *Goodwin* v. *New England Trust Co.* 321 Mass. 502, 504; *Hill* v. *Aldrich,* 326 Mass. 630, 632; *Loring* v. *Clapp,* 337 Mass. 53, 59–60.

By the terms of Luke Blanchard's will the power given to each of the trustees to dispose of one third of the remainder was exercisable only by will.

The provision for disposition of the property in the event of a failure to exercise the power refers in express terms only to a failure resulting from intestacy. It seems clear that the reference to intestacy in this context was intended to mean a failure on the part of a trustee to exercise the power by his will and was not limited to situations where a trustee dies without a will.

The probate judge was correct in decreeing that the share of the trust held for the benefit of Arthur F. Blanchard be distributed to his next of kin.

*Decree affirmed.*